FILED

2013 Aug-05  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHERYL L. HARPER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **HEWLETT PACKARD, CO., USA** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

### I.   INTRODUCTION

1.   This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d) and 29 USC 215(a)(3) .

### II.   JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2.   The jurisdiction of this Court is invoked pursuant to: (1) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009; (2) the Equal Pay Act of 1963, as amended,

29 U.S.C. §206(d); and (3) 28 U.S.C. §§ 1331 and 1343.  Venue is proper in the Northern District of Alabama, Southern Division under 28 U.S.C. §1391(b).

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.  Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act.  Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

## III.    PARTIES

4.    Plaintiff, Cheryl L. Harper, is a female citizen of the United States, a resident of the State of Alabama, and is over nineteen (19) years of age.

5.    Defendant Hewlett Packard Co., USA ("Defendant") is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, Section 2000e *et seq.*, as amended, 42 U.S.C., Section 1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d).  At all times pertinent to the matters alleged herein, Defendant has employed fifteen (15) or more employees.

2

6.    The acts by Defendant were authorized, ordered, or done by Defendant's officers, agents, employees, or representatives while they were actively engaged in the management of Defendant's business.

## IV.    STATEMENT OF FACTS

7.    Plaintiff Cheryl L. Harper is a female who began working for Defendant on May 7, 2001 as an Account Support Manager ("ASM"), a job formerly known within HP as Account Support Engineer ("ASE") for Defendant's Technology Services Delivery Organization. Plaintiff also held the job titles of Account Support Consultant ("ASC") and Account Support Manager ("ASM") performing substantially the same role at Defendant's M26 salary level.

8.    Plaintiff has been an IT professional for twenty-five years, and has a Master of Computer Science Degree.

9.    Plaintiff held the Account Support Manager or equivalent job from May 2001 through June 2011 before being promoted to Customer Engineer District Manager ("CEDM") for Alabama and the Florida Panhandle, still in Technology Services, a "Manager, Field Technical Support I" M26 position on Defendant's pay scale.

10.    During the decade from 2001 until 2011, Plaintiff's salary increased less than ten percent, failing to keep up with cost-of-living increases.

3

11.   Upon information and belief, Plaintiff's salary today is lower than it would have been in the absence of discriminatory compensation decisions made earlier in her career. Each paycheck she receives is lower in whole or in part because of the effect of discriminatory pay decisions made earlier in her tenure with HP.

12.   Plaintiff's performance has been excellent throughout her tenure with HP, and she has consistently received above-average performance reviews and praise from colleagues, managers, and customers.

13.   Plaintiff held the CEDM job for around seven or eight months, from July 1, 2011 until February 15, 2012, when she accepted a position as Mission Critical District Manager ("MCDM") responsible for Alabama and Tennessee, a M28 / M29 position.

14.   Mission Critical District Manager is an elite role in the HP Technology Services Delivery Organization, the highest role in HP Services field delivery, and a position that in many cases serves as a gateway to executive management; this position involves supervising exempt salary resources such as Account Support Managers ("ASM"). The MCDM role is focused on proactive delivery and strategic planning.

15.   The Customer Engineer District Manager ("CEDM"), by contrast, manages

4

reactive delivery and non-exempt / hourly resources such as Commercial, Volume, and Enterprise Customer Engineers ("CE").

16. Plaintiff's immediate supervisor at the time of her promotion to MCDM was Area Director James "Jim" Figola, who reported to HP Technology Services US Director Mustapha "Mike" Alame.

17. Area Director Figola told Plaintiff that she would remain in the MCDM position, and a replacement would be hired shortly to fill her former CEDM position.

18. In the meantime, until a replacement CEDM could be hired, Plaintiff was to continue to fulfill the responsibilities of both positions; however, she was told that she would be paid at the MCDM rate.

19. Area Director Jim Figola offered Plaintiff the MCDM position at the M29 pay level in February, as according to him, she would be managing M29s and needed to be at least at the M29 level to do so.

20. This would have meant a salary increase for Plaintiff, whose salary was below the lowest salary in the M29 band.

21. However, in March, Area Director Figola told Plaintiff that her promotion from M26 to M29 had been "miscommunicated." Rather, Figola explained, she would be an M28.

22.   Plaintiff was promoted to the M28 salary level effective April 1, 2012. Plaintiff did not receive a salary increase, but Plaintiff became eligible for greater benefits and incentive awards by virtue of her promotion, as well as greater possibilities for future advancement and greater future earning potential.

23.   Plaintiff's "backfill" CEDM position was posted for bid on February 16, 2012 and again on June 11, 2012.

24.   After Plaintiff's promotion to the MCDM position, delays in hiring Plaintiff's CEDM backfill position resulted in Plaintiff handling both the MCDM and CEDM responsibilities from February 15, 2012 until November 1, 2012, consistently putting in between fourteen and seventeen hours each day, depending on her travel schedule, including working most weekends and during holidays, managing a team of thirty-three with multiple focuses, covering both proactive and reactive delivery of services in three states.

25.   Plaintiff successfully navigated the challenges of filling these two demanding management roles simultaneously, and the performance of Plaintiff and her teams was consistent and solid throughout the eight months that Plaintiff filled these roles.

26.   During this time, out of sixteen District Managers in the Southeast, including three MCDMs and thirteen CEDMs, Plaintiff was the only female District

Manager in the Southeast.

27.   On October 1, 2012, Plaintiff attended a scheduled business dinner with Area
Director Figola and Technology Services US Director Alame. At this meeting,
Plaintiff was informed by US Director Alame that her MCDM job, which she
held at the time, was being filled by a male, Todd Wilcox, and that she would
only keep the lower level CEDM position.

28.   Alame stated, "I've looked at your travel, and I'm going to allow you to spend
more time with your family."

29.   Plaintiff had never requested to spend more time with her family, and Plaintiff
had never initiated any discussion of her family obligations with U.S. Director
Alame, Area Director Figola, or anyone else at HP.

30.   U.S. Director Alame had no knowledge of any family obligations of Plaintiff
that had interfered with her work performance at HP or of any desire by
Plaintiff to spend more time with her family.

31.   Plaintiff had never complained about time spent traveling for work.

32.   Similarly situated males are not demoted to lower level positions to allow them
to have more family time when they have not made such a request.

33.   US Director Alame further told Plaintiff that this was "business and numbers,"
or something to that effect.

7

34.   Todd Wilcox had moved from Wisconsin to Tennessee in October 2011 to fill a job as Account Delivery Manager ("ADM") for Fedex. Wilcox had abruptly left the ADM job in May, 2011.

35.   After leaving the ADM job in May, 2011, Wilcox was put into a CEDM job managing the Printing and Personal Systems group.

36.   At the October 1, 2012 meeting, Plaintiff asked if she was being demoted; U.S. Director Alame told her this was not the case, acting as if she had never been promoted from M26 to M28.

37.   This was incorrect, as Plaintiff received a job change notification informing her of her demotion from M28 back to M26 effective December 10, 2012.

38.   On October 9, 2012, Plaintiff received an HP eAward. The eAward states "Hewlett-Packard Congratulates Cheryl L. Harper in appreciation for your outstanding efforts" and under "Reason for Recognition" states "Cheryl – Thank you for your help managing the Mission Critical Team in Tennessee and Alabama. Your help was/is greatly appreciated.

39.   In addition to the emailed certificate, Plaintiff received $1500 for her eight months spent working two demanding management positions, giving up her nights, weekends, and holidays, only to see herself demoted and replaced by a man.

8

40.   On November 1, Plaintiff was returned to her former CEDM position that was never filled.

41.   Upon information and belief, Wilcox was paid a higher salary than Plaintiff was paid as MCDM when he took on the MCDM role, effective November 1, 2012.

42.   Upon information and belief, Plaintiff made a lower salary than her male peers in the MCDM position.

43.   Plaintiff is currently paid at Grade Level M26.

44.   At least four of the males whom Plaintiff managed made higher salaries than she does, including John Comer, John Gately, Will Martin, and Dan Vowell.

45.   Plaintiff hired a male who made substantially more than she does.

46.   As a result of her demotion from M28 to M26, Plaintiff's benefits and incentive awards were lower than they would have been, and she has lost opportunities for future advancement and has reduced future earning potential.

47.   In Plaintiff's division, there are no females above Plaintiff in the chain of command until you get to the CEO, Meg Whitman.

## V.   CAUSES OF ACTION

### COUNT I – Sex Discrimination in Violation of Title VII

48.   Plaintiff re-alleges and incorporates by reference paragraphs 1-47 above with

the same force and effect as if fully set out in specific detail herein below.

49.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended, and 42 U.S.C. Section 1981a.

50.   Defendant discriminated against Plaintiff because of her female gender in paying her lower wages than similarly situated male managers as a result of past and present discrimination, by taking her out of her position of greater responsibility and opportunity for future pay increases demoting her to a lower level position, and by paying her a lower wage than the male who replaced her and her other male co-workers and peers.

51.   Defendant has failed to articulate a legitimate non discriminatory reason for its discriminatory actions.

52.   Defendant engages in a pattern and practice of discriminating against females with regard to wages and by not promoting them to higher paying positions.

53.   Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

**COUNT II – Violation of the Equal Pay Act**

54.   Plaintiff re-alleges and incorporates by reference paragraphs 1-53 above with the same force and effect as if fully set out in specific detail herein below.

55.     Plaintiff brings this count under the Equal Pay Act (EPA) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 206(d).

56.     Defendant willfully paid Plaintiff lower wage than male employees performing substantially equal work at the same establishment.

57.     Defendant willfully violated the Equal Pay Act by paying Plaintiff unequal wages to those of similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII, as amended by 42 U.S.C. Section 1981a.

2.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the Equal Pay Act, 29 U.S.C. Section 206(d) and 29 USC 215(a)(3).

3.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at

11

Defendant's request from continuing to violate Title VII as amended by 42 U.S.C. §1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d).

4.    Enter an Order requiring Defendant to make Plaintiff whole by awarding her back pay (plus interest), punitive damages, compensatory damages, reinstatement or front pay, nominal damages, liquidated damages, loss of benefits including retirement, pension, seniority and other benefits of employment.

5.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

Jon C. Goldfarb asb-5401-f58j
Daniel E. Arciniegas asb-7809-d67a
L. William Smith asb-8660-A61s
Sean I. Goldfarb asb-3343-f03z
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

12

205-314-0500

**<u>DEFENDANT'S ADDRESS</u>**:

Hewlett Packard Co., USA
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104