FILED
2013 Sep-10  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHERYL HARPER,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 2:13-CV-01443-RDP |
| vs. | ) | |
| | ) | |
| | ) | |
| **HEWLETT PACKARD, CO.,** | ) | |
| **USA,** | ) | |
| | ) | |
| Defendant. | | |

## ANSWER

Defendant Hewlett-Packard Company ("Defendant"),[1] by their attorneys, file their Answer and Defenses to Plaintiff Cheryl Harper's ("Plaintiff's") Complaint as follows:

### ANSWER TO PLAINTIFF'S "INTRODUCTION"

1.      In response to Paragraph 1 of the Complaint, to the extent that an answer is required to the statements therein, Defendant admits only that Plaintiff purports to bring this action against Defendant "as an action for declaratory judgment, equitable relief, and money damages" pursuant to "Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d) and 29 U.S.C. [sic] 215(a)(3)".  Further answering, Defendant denies that it engaged in

---

[1] Defendant is erroneously referred to as "Hewlett Packard, Co., USA" in the Complaint.

any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind.  Defendant specifically denies that it committed any unlawful or wrongful acts, including any act that would violate Title VII, the Equal Pay Act, or any amendments thereto.  Defendant denies all remaining allegations contained in Paragraph 1 of the Complaint.

### ANSWER TO PLAINTIFF'S "JURISDICTION, VENUE AND  ADMINISTRATIVE PREREQUISITES"

2.      In response to Paragraph 2 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. To the extent an answer is required, Defendant denies that Plaintiff has stated claims or is otherwise entitled to relief under "Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009" or "the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d)", but admits the remaining allegations contained therein.

3.      In response to Paragraph 3 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. To the extent an answer is required, Defendant denies, in response to the second sentence of Paragraph 3, that it engaged in any "discriminatory act" and therefore denies the allegations contained in the second sentence of Paragraph 3.  Defendant further states that it is without knowledge or information sufficient to form a belief as to when Plaintiff received "her Right-To-Sue letter from the EEOC" and

2

therefore denies the allegations contained in the third sentence of Paragraph 3. Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

## ANSWER TO PLAINTIFF'S "PARTIES"

4.     In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff is a female over (19) years of age.  Defendant is without knowledge or information sufficient to form a belief as Plaintiff's citizenship, or where Plaintiff currently resides, and therefore denies the allegations regarding Plaintiff's citizenship and residency.

5.     In response to Paragraph 5 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. To the extent an answer is required, Defendant denies that its proper corporate name is "Hewlett Packard Co., USA", but admits all remaining allegations contained in Paragraph 5 of the Complaint.

6.     In response to Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to understand to what Plaintiff refers by "the acts by Defendant", and therefore denies the allegations contained in Paragraph 6 of the Complaint.

## ANSWER TO PLAINTIFF'S "STATEMENT OF FACTS"

7.     In response to the first sentence of Paragraph 7 of the Complaint, Defendant admits that Plaintiff began employment on or about May 7, 2001 in the "Consultant Post Sales" position, a position sometimes colloquially referred to as Account Support Manager ("ASM"), Account Support Engineer ("ASE"), or Account Support Consultant ("ASC").   In response to the second sentence of Paragraph 7 of the Complaint, Defendant admits that, during her employment, Plaintiff has held other positions with Defendant, including but not limited to the "Srv/Spt On-Site Consult I" and "Field Technical Spt. Cons IV" positions, sometimes colloquially referred to as ASM, ASE, or ASC, and that while employed as a Consultant Post Sales, Srv/Spt On-Site Consult I, and Field Technical Spt. Cons IV, Plaintiff was compensated within Defendant's 61V, 998, and M26 salary grades.   Defendant denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.     In response to Paragraph 8 of the Complaint, Defendant admits that Plaintiff purports to hold a "Master of Computer Science Degree", but is without knowledge or information sufficient to understand what Plaintiff means by "IT professional", and therefore denies the remaining allegations contained in Paragraph 8 of the Complaint

9.      In response to Paragraph 9 of the Complaint, Defendant admits Plaintiff held the Consultant Post Sales, Srv/Spt On-Site Consult I, and Field Technical Spt. Cons IV positions, sometimes colloquially referred to as ASM, ASE, or ASC, from May 2001 through June 2011, at which time she was promoted to the "Mgr., Field Technical Spt. I" position, sometimes colloquially referred to as Customer Support District Manager ("CEDM"), with responsibility for Alabama and the Florida Panhandle.  Defendant further admits that, upon her promotion to the Mgr., Field Technical Spt. I position, she was compensated within Defendant's M26 salary grade.   Defendant denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.      In response to Paragraph 10 of the Complaint, Defendant admits that between 2001 and 2011, Plaintiff's salary increased by approximately 9.2%. Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.      In response to Paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

12.      In response to Paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

13.      In response to Paragraph 13 of the Complaint, Defendant admits that, following Plaintiff's promotion to the CEDM position, she was asked to serve as

the "acting" Mission Critical District Manager ("MCDM") with responsibility for Alabama and Tennessee in addition to her CEDM position.  Defendant denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.    In response to first sentence of Paragraph 14 of the Complaint, Defendant admits that the MCDM position within Defendant's Technology Services AMS Global Delivery organization involves, among other things, the supervision of both non-exempt and exempt Individual Contributors, including but not limited to those in the ASM position.  In response to second sentence of Paragraph 14 of the Complaint, Defendant admits the allegations contained therein. Defendant denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.    In response to Paragraph 15 of the Complaint, Defendant admits that the CEDM position within Defendant's Technology Services AMS Global Delivery organization involves, among other things, the management of reactive delivery and the supervision of non-exempt Individual Contributors, including but not limited to those in a "Customer Engineer" position.  Defendant denies any remaining allegations contained in Paragraph 15 of the Complaint.

16.    In response to Paragraph 16 of the Complaint, Defendant admits that her immediate supervisor at the time she was asked to serve as an "acting" MCDM was Southeast Delivery Area Director Jim Figola, and that Mr. Figola's immediate

supervisor was Mike Alame, whose job title at that time was Director, Field Tech. Spt. III.  Defendant denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.    In response to Paragraph 17 of the Complaint, Defendant admits that Mr. Figola told Plaintiff that he wished to eventually promote Plaintiff to the MCDM position on a permanent basis, and that he would thus attempt to hire a replacement to assume Plaintiff's CEDM position.  Defendant denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.    In response to Paragraph 18 of the Complaint, Defendant admits that, until Mr. Figola could hire a replacement to assume Plaintiff's CEDM position, Plaintiff was expected to fulfill her responsibilities as both the CEDM with responsibility for Alabama and the Florida Panhandle, and the acting MCDM with responsibility for Alabama and Tennessee.   Defendant denies all remaining allegations contained in Paragraph 19 of the Complaint.

19.    In response to Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20.    In response to Paragraph 20 of the Complaint, Defendant admits that compensation within Defendant's M29 salary grade would have represented a salary increase for Plaintiff, but denies that Plaintiff ever held, or was offered, a

position within Defendant's M29 salary grade.  Defendant denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     In response to Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22.     In response to Paragraph 22 of the Complaint, Defendant admits that Plaintiff was promoted to Defendant's M28 salary grade effective April 1, 2012, and that, while Plaintiff did not receive a salary increase at that time, an opportunity existed for Plaintiff to earn additional compensation within Defendant's M28 salary grade.  Defendant denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24.     In response to Paragraph 24 of the Complaint, Defendant admits that Plaintiff was asked to serve in an "acting" MCDM position for some period of time in 2012 during which she also served in the distinct and different CEDM position, and that such a role involved the management of both proactive and reactive delivery services in three states.  Defendant denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     In response to Paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

26.    In response to Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to understand to what Plaintiff refers by "During this time", and therefore denies the allegations contained in Paragraph 26 of the Complaint.

27.    In response to Paragraph 27 of the Complaint, Defendant admits that Plaintiff, Jim Figola, and Mike Alame dined together on the evening of October 1, 2012.  Defendant denies all remaining allegations contained in Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

29.    In response to Paragraph 29 of the Complaint, Defendant admits that neither Mike Alame nor Jim Figola ever discussed Plaintiff's "family obligations" with her.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 29, and therefore denies those allegations.

30.    In response to Paragraph 30 of the Complaint, Defendant admits the allegations contained therein.

31.    In response to Paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to whether, or to whom,

Plaintiff might have "complained about time spent traveling for work", and therefore denies the allegations contained in Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Defendant denies that any change in Plaintiff's position was related "to allow[ing] [her] to have more family time", and therefore denies the allegations contained in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Defendant denies the allegations contained therein.

34.     In response to the first sentence of Paragraph 34 of the Complaint, Defendant admits the allegations contained therein.   In response to the second sentence of Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35.     In response to Paragraph 35 of the Complaint, Defendant admits that Todd Wilcox assumed a CEDM position in Defendant's Printing and Personal Systems Group after leaving an ADM position.   Defendant denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.     In response to Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

37.     In response to Paragraph 37 of the Complaint, Defendant admits that Plaintiff was moved from Defendant's M28 salary grade to Defendant's M26

salary grade effective November 1, 2012. Defendant denies all remaining allegations contained in Paragraph 37 of the Complaint.

38.    In response to Paragraph 38 of the Complaint, Defendant admits the allegations contained therein.

39.    In response to Paragraph 39 of the Complaint, Defendant admits that Plaintiff's eAward was accompanied by a monetary payment of $1,500. Defendant denies all remaining allegations contained in Paragraph 39 of the Complaint.

40.    In response to Paragraph 40 of the Complaint, Defendant admits that, effective November 1, 2012, Plaintiff ceased to serve as both a CEDM and as an "acting" MCDM and, at that time, retained only her existing CEDM position. Defendant denies all remaining allegations contained in Paragraph 40 of the Complaint.

41.    In response to Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42.    In response to Paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43.    In response to Paragraph 43 of the Complaint, Defendant admits that Plaintiff currently receives a salary within Defendant's M26 salary grade. Defendant denies any remaining allegations contained in Paragraph 43 of the Complaint.

44.     In response to Paragraph 44 of the Complaint, Defendant admits that John Comer, John Gately, Will Martin, and Dan Vowell earned a higher salary than Plaintiff during the time that she supervised them, but denies that those males, who held different positions than Plaintiff, are proper or relevant comparators.

45.     In response to Paragraph 45 of the Complaint, Defendant it is without knowledge or information sufficient to form a belief or understanding as to the identity of the unidentified "male" Plaintiff references, and therefore denies the allegations contained in Paragraph 45 of the Complaint.

46.     In response to Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47.     In response to Paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

### ANSWER TO PLAINTIFF'S "CAUSES OF ACTION"
### (COUNT I – Sex Discrimination in Violation of Title VII)

48.     In response to Paragraph 48 of the Complaint, Defendant incorporates and repeats its responses and averments in Paragraphs 1 through 47 above.

49.     In response to Paragraph 49 of the Complaint, to the extent that an answer is required to the statements therein, Defendant admits only that Plaintiff purports to bring this action against Defendant pursuant to "Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended, and 42 U.S.C. Section 1981a".      Further answering, Defendant

denies that it engaged in any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind.  Defendant specifically denies that it committed any unlawful or wrongful acts, including any act that would violate Title VII, 42 U.S.C. Section 2000e *et seq.*, as amended, and 42 U.S.C. Section 1981a, or any amendments thereto.   Defendant denies all remaining allegations contained in Paragraph 49 of the Complaint.

50.     In response to Paragraph 50 of the Complaint, Defendant denies the allegations contained therein.

51.     In response to Paragraph 51 of the Complaint, Defendant denies the allegations contained therein.

52.     In response to Paragraph 52 of the Complaint, Defendant denies the allegations contained therein.

53.     In response to Paragraph 53 of the Complaint, Defendant denies the allegations contained therein.

## ANSWER TO PLAINTIFF'S "CAUSES OF ACTION"
### (COUNT II – Violation of the Equal Pay Act)

54.     In response to Paragraph 54 of the Complaint, Defendant incorporates and repeats its responses and averments in Paragraphs 1 through 53 above.

55.     In response to Paragraph 55 of the Complaint, to the extent that an answer is required to the statements therein, Defendant admits only that Plaintiff purports to bring this action against Defendant pursuant to "the Equal Pay Act

(EPA) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 206(d)". Further answering, Defendant denies that it engaged in any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind. Defendant specifically denies that it committed any unlawful or wrongful acts, including any act that would violate the Equal Pay Act. Defendant denies all remaining allegations contained in Paragraph 55 of the Complaint.

56.    In response to Paragraph 56 of the Complaint, Defendant denies the allegations contained therein.

57.    In response to Paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

**ANSWER TO PLAINTIFF'S UNNUMBERED PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any remedy or relief of any kind, including the specific relief sought in the unnumbered "Prayer for Relief" contained on pages 11 and 12 of the Complaint (inclusive of subparagraphs (1) through (5)).

**ANSWER TO PLAINTIFF'S DEMAND FOR TRIAL BY JURY**

Defendant admits that Plaintiff demands a trial by jury. Whether and to what extent Plaintiff is entitled to a trial by jury are legal conclusions to which no response is required.

## GENERAL DENIAL

Defendant denies every allegation of the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue on which they would not otherwise bear such burden.

1.      Some or all of Plaintiff's claims are barred, in whole or in part, because the Complaint fails to include facts sufficient to state a claim upon which relief may be granted.

2.      Some or all of Plaintiff's claims may be barred, in whole or in part, by applicable statute of limitations periods.  To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred.

3.      To the extent Plaintiff seeks to challenge compensation decisions under Title VII of the Civil Rights Act of 1964, and all amendments thereto ("Title VII") made more than 180 days prior to the filing of her charge of discrimination, such claims are barred by the doctrine of latches, estoppel and waiver.

15

4.      Plaintiff's claims of discrimination claims may be barred, in whole or in part, to the extent that they exceed the scope of her Charge of Discrimination.

5.      Plaintiff's claims of discrimination claims may be barred, in whole or in part, by her failure to satisfy jurisdictional prerequisites for suit.

6.      Plaintiff's claims are barred to the extent that any disparity in pay was due to differences in experience, training, skill, job performance and responsibility performed under different working conditions, or the result of a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or a differential based on any factor other than sex.

7.      Any action taken by Defendant was taken for legitimate, nondiscriminatory business reasons, not on account of Plaintiff's membership in any protected group.

8.      All actions were undertaken and exercised with good cause, and for proper, lawful business reasons and necessity, which were not a pretext for discrimination.

9.      At all times Defendant acted in good faith with respect to all decisions regarding Plaintiff's compensation and all decisions regarding Plaintiff's compensation were based on factors other than sex.

10.     All of Defendant's employment decisions were based on bona fide factors other

than gender, including, but not limited to, a bona fide merit system.

11.     Plaintiff's claims of discrimination claims are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on discriminatory grounds, Defendant would have reached same decision absent any discrimination.

12.     Plaintiff's claims for damages may be barred, in whole or in part, to the extent that she failed to reasonably mitigate her damages.

13.     Plaintiff's claims must be dismissed because she fails to identify a male comparator who allegedly received higher compensation than Plaintiff while performing the same job, in the same position, as Plaintiff.

14.     Plaintiff's claims must be dismissed because she fails to allege that Defendant paid unequal wages to men and women who performed jobs that require substantially equal skill, effort, and responsibility, and that are performed within the same establishment under similar working conditions.

15.     Plaintiff was compensated at all times in accordance with applicable requirements of Title VII, the Equal Pay Act ("EPA") and the Fair Labor Standards Act ("FLSA").

16.      Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith to comply with Title VII, the EPA and/or the FLSA, 29 U.S.C. § 206(d), and had reasonable grounds for believing they were in compliance with Title VII, the EPA and/or the FLSA, 29 U.S.C. § 206(d).

Defendant asserts a lack of malice, recklessness, willfulness or intent to violate Title VII, the EPA and/or the FLSA, 29 U.S.C. § 206(d), as a defense to any claim for punitive and/or liquidated damages made by Plaintiff.  29 U.S.C. § 260.  To the extent that Plaintiff cannot prove actual or punitive damages, she can only recover nominal damages.

17.    Plaintiff is not entitled to recover punitive damages because Defendant has made a good faith effort to comply with all applicable anti-discrimination laws and, at all relevant times, Defendant has acted reasonably, in good faith and without malice based upon all relevant information and relevant facts and circumstances known by Defendant at the time it acted.

18.    Plaintiff is not entitled to an award of punitive damages under her claims under Title VII because she has not pled, and cannot prove, facts sufficient to support such an award.  Defendant reserves all defenses available to pursuant to the Supreme Court's decision in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999) and its progeny.  Moreover, any award of punitive damages is subject to all statutory, common law, and constitutional principles and limitations, including, but not limited to, the provisions of 42 U.S.C. § 1981a.

19.    Any claim by Plaintiff for compensatory or punitive damages under Title VII are limited by the damages cap imposed by the Civil Rights Act of 1991.

20.    No act or omission of Defendant which is alleged to violate the EPA and/or the FLSA, 29 U.S.C. § 206(d), was malicious, willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiff therefore is not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA, 29 U.S.C. § 255(a).

21.    Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

22.    Plaintiff is not entitled to an award of prejudgment interest even if she prevails on any or all of their claims.

23.    To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

24.    As no discovery has occurred in this case, Defendant hereby gives notice that it intends to rely upon such further defenses as may become available during discovery in this action, and reserve the right to amend its Answer and assert additional defenses in accordance with law, and to seek attorneys' fees and costs under any applicable statute.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in Defendant's favor and against

Plaintiff, and award it costs, including reasonable attorneys' fees, costs and expenses.

Dated:  September 10, 2013.                    Respectfully submitted,


                                               */s/  Jay St. Clair*
                                               Jay St. Clair
                                               Anna Curry Gualano
                                               Littler Mendelson, P.C.
                                               420 20th Street North, Suite 2300
                                               Birmingham, AL  35203-3204
                                               Telephone: 205.421.4700
                                               Facsimile: 205.421.4699
                                               jstclair@littler.com
                                               agualano@littler.com

                                               Lisa Ann Schreter, *pro hac vice*
                                               forthcoming
                                               Littler Mendelson, P.C.
                                               3348 Peachtree Road, N.E., Suite 1100
                                               Atlanta, GA 30326-1008
                                               Telephone: 404.233.0330
                                               Fax: 404.233.2361
                                               Email: lschreter@littler.com

                                               Richard W. Black, *pro hac vice*
                                               forthcoming
                                               Littler Mendelson, P.C.
                                               1150 17th St., N.W., Suite 900
                                               Washington, DC 20036
                                               Telephone: 202.842.3400
                                               Fax: 202.842.0011
                                               rblack@littler.com

                                               *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

>
> Jon C. Goldfarb
> Daniel E. Arciniegas
> L. William Smith
> Sean I Goldfarb
> WIGGINS, CHILDS, QUINN
> & PANTAZIS, LLC
> 301 19th Street North
> Birmingham, AL 35203

*/s/ Jay St. Clair*
OF COUNSEL